IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ESTATE OF DANIEL KEITH ROSS,<br><br>Plaintiff,<br><br>vs.<br><br>GALLATIN COUNTY; JIMMY R. BIGGS; CLAYLEEN I. PIPINICH; ABRAM EVANS; WESTERN MONTANA MENTAL HEALTH CENTER; and JOHN DOES 5-10,<br><br>Defendants. | CV 22–26–BU–DLC<br><br><br>ORDER |

Before the Court is Plaintiff's Unopposed Motion for Order Compelling Betty Elliott's Compliance with the Subpoena Duces Tecum. (Doc. 55.) Through the Motion, Plaintiff requests an order compelling Ms. Elliott to respond to the subpoena duces tecum served upon her on September 11, 2024. (*Id*. at 1, 3.) For the reasons herein, the Court grants the Motion and orders Ms. Elliott to comply with the subpoena served upon her.

This case arises from the death of Daniel Kieth Ross ("Ross") on April 4, 2019, after he attempted suicide on March 13, 2019, while in custody at the Gallatin County Detention Center. (*See* Doc. 21.) Ross's Estate brings this matter

1

though the Personal Representative, Mary Poucher, who seeks damages on behalf of the Estate and on behalf of Ross's minor daughter and only heir, K.R. (*Id.* ¶ 1.)

On September 11, 2024, Plaintiffs served Ms. Elliott with a subpoena duces tecum seeking production of K.R.'s medical records. (*Id.* at 2.) Counsel included a signed release by Ms. Poucher and the following statement in bold and all caps:

> PLEASE NOTE THAT THE INDIVIDUAL WHOSE RECORDS AND/OR MEDICAL INFORMATION IS SOUGHT IS A PARTY TO THE ABOVE-CAPTIONED LITIGATION AND HAS PUT THEIR MEDICAL CONDITION IN DISPUTE. THIS INDIVIDUAL HAS BEEN GIVEN NOTICE OF THIS REQUEST AND DOES NOT OBJECT TO THIS REQUEST AND, AS REFLECTED IN THE ATTACHED AUTHORIZATION FOR RELEASE OF MEDICAL INFORMATION, DOES NOT OBJECT TO THIS REQUEST. THEREFORE, PURSUANT TO 45 C.F.R. § 164.512(e) AND MONT. CODE ANN. § 50-16-535(1)(a) AND (c), YOU ARE REQUIRED TO DISCLSOE THE REQUESTED INFORMATION AND RESPOND TO THIS SUBPOENA.

(*Id.*) On September 16, 2024, Ms. Elliott filed a Motion for Extension of Time to respond to the subpoena. (Doc. 44.) This Court denied Ms. Elliott's Motion, subject to renewal, on the basis that she failed to indicate whether Plaintiff or Defendants objected under District of Montana Local Rule 7.1(c). (Doc. 45.)

Following the Court's ruling, Ms. Elliott contacted counsel for Plaintiff and indicated she could not comply with the subpoena duces tecum because the requester—K.R.'s mother, Ms. Poucher—was not K.R.'s legal guardian and because her practice was outside the 100-mile radius for soliciting records. (Doc. 55-3). On October 15, 2024, Counsel for Plaintiff transmitted a new release signed

by K.R.'s Child and Family Services ("CFS") Caseworker—who currently had custody of the minor—informing Ms. Elliott that she was required to comply with the subpoena and granting her until October 22, 2024, to do so. (Doc. 55-4.) As of the date of Plaintiff's Motion to Compel, Ms. Elliott has not provided Plaintiff with any records nor contacted Plaintiff further.

    Ms. Elliott's argument that she need not comply with the subpoena because Ms. Poucher is not K.R.'s current legal guardian and because she is outside the radius for soliciting records is incorrect. (Doc. 55 at 5.) A health care provider can disclose protected health information during a judicial proceeding in response to a subpoena if they receive "satisfactory assurance from the party seeking the information that reasonable efforts have been made … to ensure that the individual who is the subject of the protected health information that has been requested been given notice of the request." 45 CFR 164.512(e)(1)(ii)(A). Under Montana law, a health care provider can be compelled to provide information regarding a patient in a legal proceeding where (1) the patient is a party to the proceeding and has placed their physical or mental condition at issue; or (2) the patient has authorized in writing the release of health care information. Mont. Code Ann. § 50-16-535(1)(a), (c).

    A validly issued Rule 45 subpoena is not a mere request for compliance, and the party to which it is directed is under a legal obligation to comply. *Sali v.*

3

*Corona Regional Med. Ctr.*, 884 F.3d 1218, 1224 (9th Cir. 2018). "[D]efiance of a subpoena is … an act in defiance of a court order." *Sell v. Country Life Ins. Co.*, 2017 WL 5713885, *3 (D. Ariz. 2017). Accordingly, any person "who, having been served, fails without adequate excuse to obey the subpoena or an order related to it" may be held in contempt. Fed. R. Civ. P. 45(g).

Here, Plaintiff was not required to obtain a medical release because K.R. is the only heir to Ross's estate and her physical and mental condition are directly at issue. Yet Plaintiff went a step further and obtained two HIPPA releases—one from Ms. Poucher and one from K.R.'s CFS caseworker. Therefore, Ms. Elliott was required to produce the records under both Montana Code Annotated § 50-16-535(1)(a) and (c). In addition, Ms. Elliott was provided sufficient assurance that K.R. was informed assurance in bold, all caps language in the subpoena duces tecum pursuant to 45 CFR 164.512(e)(1)(ii)(A).

Turning to Ms. Elliott's argument regarding the 100-mile radius restriction, the Federal Rules of Civil Procedure provide that a subpoena may command "production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(2). Committee Notes from the 2013 Amendment to Rule 45 provide, however, that "parties often agree that production, particularly of electronically stored information, be transmitted be (sic)

electronic means. Such arrangements facilitate discovery, and nothing in these amendments limits the ability of parties to make such arrangements." Here, the subpoena decus tecum required only that Ms. Elliott provide copies—not originals—of the requested documents via mail or email. The 100-mile radius is therefore inapplicable to this situation, and Ms. Elliott is required to comply with the subpoena.

Ms. Elliott is cautioned that failure to comply with this Order on or before the date indicated below, absent an extension approved by the parties or this Court, may result in a formal contempt citation.

Accordingly,

IT IS ORDERED that the motion (Doc. 55) is GRANTED.

IT IS FURTHER ORDERED that, on or before **December 20, 2024**, Ms. Elliott shall fully comply with the subpoena duces tecum served upon her.

IT IS FURTHER ORDERED that Plaintiffs shall, without delay, serve a copy of this Order on Ms. Elliott in conformance with the procedure outlined for subpoenas under Rule 45(b).

DATED this 13th day of December, 2024.

_____
Dana L. Christensen, District Judge
United States District Court